EDWARD H. BARKER & others *vs.* EDWIN PARKER.

An accommodation indorser, before maturity, of a negotiable promissory note, given to a mutual insurance company for premiums, who has been obliged to pay the amount thereof to a subsequent indorsee, may recover the amount so paid of the maker, on a count for money paid; or, *it seems*, as indorsee of the note; although when he indorsed the note, the insurance company, as he knew, had become indebted to the maker for the amount of a loss larger than the amount of the note.

ACTION OF CONTRACT by the second indorser against the maker of a negotiable promissory note. The declaration contained two counts, one for money paid, and the other on the note.

At the trial in the superior court of Suffolk, at November term 1856, there was evidence of these facts: The note was made by the defendant, payable to the Commercial Mutual Marine Insurance Company for a policy of insurance, and indorsed by them, and at their request by the plaintiffs, Edward H. Barker & Company, in order to enable them to have it discounted, which they did, by the Bank of Commerce. At its maturity the note was duly demanded and protested, and the insurance company being unable to pay it, the plaintiffs took it up and commenced this action. Before the plaintiffs indorsed it, a loss amounting to more than the amount of the note had occurred under a policy issued by the insurance company to the defendant, and been duly adjusted, which the defendants sought to set off in this suit. The plaintiff who made the indorsement on the note was a director in the insurance company and cognizant of the loss, and of the company's liability thereon.

*Huntington,* J. ruled that upon these facts the plaintiffs could not recover. A verdict was taken for the defendant, and the plaintiffs alleged exceptions.

*F. A. Brooks,* for the plaintiffs.

*C. T. Russell,* for the defendant, cited 2 Robinson's Pract. 224, 226 &. cases cited; Story on Notes, § 133; *Richardson* v. *Lincoln,* 5 Met. 201; *Moies* v. *Bird,* 11 Mass. 436; *Tenney* v *Prince,* 4 Pick. 385; *Oxford Bank* v. *Haynes,* 8 Pick. 423

Barker & others *v.* Parker.

*Bromage* v. *Lloyd*, 1 Exch. 32; *Emmett* v. *Tottenham*, 8 Exch. 884; *Thompson* v. *Hale*, 6 Pick. 259; *Cone* v. *Baldwin*, 12 Pick. 545; *Merriam* v. *Granite Bank*, 8 Gray, 254.

DEWEY, J.　The relation of the plaintiffs to the note in suit was that of second indorsers of a negotiable promissory note of the defendant, who became such indorsers before the maturity of the note, and who, upon the neglect of the maker to pay the same, became liable therefor to a subsequent indorsee holding the note by a transfer before the same was due, and who had made the plaintiffs chargeable with the payment of the same by making a proper demand upon the maker, and giving due notice to the plaintiffs as indorsers.　The indorsee thus holding the note before maturity was the Bank of Commerce.　As respects the right of the Bank of Commerce to have recovered the note of the defendant, no question can exist.

A liability also devolved upon the plaintiffs, by reason of their indorsement, to pay the same, if not paid by the defendant. Such liability by reason of the indorsement gave the plaintiffs a right to recover of the maker for money paid by them as such indorsers, independently of any right or title to the note itself, acquired by a transfer to them from the Bank of Commerce. The defendant, by putting in circulation a negotiable promissory note, payable to the promisee or his order, created that privity between himself and a second indorser, that such second indorser, upon being required to pay the same by reason of the default of the maker, might recur as well to the maker as to the first indorser for remuneration for the money thus paid.

As there was no good defence, by reason of any set-off against the insurance company, as against the claim of the Bank of Commerce, so there can be none against the claim of a second indorser, who has been obliged to pay the note to the Bank of Commerce, the note being in fact the note of the maker and given for his debt.

The fact that the plaintiffs became second indorsers at the request of the first indorser does not prevent their recurring to the maker in case the note is dishonored and they have been required to pay the same as indorsers.

Nor do we perceive any legal objection to the right of the plaintiffs to recover under their second count, if it were necessary to resort to that. It is true that they received the note from the Bank of Commerce after it was due. Of course they took it subject to any defence that might have been made had it been sought to be enforced in a suit by the Bank of Commerce. But no set-off or other equitable defence existed as against the Bank of Commerce. So far as any set-off is relied upon by reason of a demand due from the insurance company to the defendant, as it could not avail as against the bank, it would seem to be also unavailing as against a party who had succeeded to the rights of the bank by a transfer from them.

In the opinion of the court it was not competent in defence of this action to introduce the matter relied upon in the answer; and the ruling of the superior court, that the facts found or admitted constituted a valid defence, was erroneous.

*Exceptions sustained.*